IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

IN RE:                                            MDL No. 1334
Master File No. 00-1334-MD-MORENO

**MANAGED CARE LITIGATION**

_____/

THIS DOCUMENT RELATES TO
**PROVIDER TRACK CASES**

_____/

CHARLES B. SHANE, M.D., JEFFREY BOOK,      Case No. 04-21589-CIV-MORENO
D.O, *et al.,*                                            [00-1334-MD-MORENO]

        Plaintiffs,

vs.

HUMANA, INC., *et al.,*

        Defendants.

_____/

## ADDENDUM TO AND CLARIFICATION OF
## MAY 31, 2005, REPORT AND RECOMMENDATION ON PLAINTIFFS' AMENDED
## MOTION FOR CLASS CERTIFICATION IN SHANE I AND SHANE II

THIS MATTER came before the Court *sua sponte*. On page 25 of the Report and Recommendation that Plaintiffs' Amended Motion for Class Certification in Shane I be Granted in Part and Denied in Part and that Class Certification in Shane II be Granted in Part and Denied in Part (D.E. No. 4222 in Shane I; D.E. No. 75 in Shane II) filed on May 31, 2005, the following statement appears:



      As for Coventry's argument that Plaintiffs stated in the past that they would not pursue pharmacy risk pool claims against Coventry, Plaintiffs say they are not pursuing such claims against any Defendant in the Capitation Injunctive and Declaratory Relief Section, but rather claims based on misrepresentations and omissions concerning the withholding of capitation payments for well patients and the actuarial basis for their capitation payments.

As a point of clarification, the Court previously dealt with the claim based on actuarial soundness of capitation payments, finding they are unsuited for class action status. See May 31, 2005, Report and Recommendation at 26-34. The determination of the amount allocated to pharmacy payments is also part of individualized negotiation processes unique to each contract. To the extent the setting of such rates in individual contracts is also claimed to be based on improperly calculated actuarial soundness of such rates, the same analysis which precludes class-wide treatment of capitation rates also precludes class-wide treatment of the setting of such pharmacy payment rates as to all Defendants.

      DONE AND SUBMITTED in Chambers at Miami, Florida, this 23 day of June, 2005.

                                                      THEODORE KLEIN
                                                      UNITED STATES MAGISTRATE JUDGE

Copies provided to:
District Judge Federico A. Moreno
All counsel of record on the **FEBRUARY 8, 2005** service list

      The parties shall have ten days after being served with a copy of this Addendum to and Clarification of May 31, 2005, Report and Recommendation to file written objections, if any, for consideration by the District Judge. Failure to file objections timely shall bar the parties from attacking any factual findings contained herein.