IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No. 04-21589-CIV-MORENO

CHARLES B. SHANE, M.D.; et al.,

      Plaintiffs,

v.

HUMANA, INC.; et al.,

      Defendants.
_____/

### DEFENDANTS' OBJECTION TO MAGISTRATE JUDGE KLEIN'S REPORT AND RECOMMENDATION THAT DEFENDANTS' MOTIONS TO COMPEL ARBITRATION BE DENIED

*After* this Court ruled that most of the claims in the *Shane I* complaint filed as part of the *In re Managed Care Litigation* could only be resolved in arbitration and *after* the Eleventh Circuit ruled that Plaintiffs could not shield a claim alleged in the *Shane I* complaint from being compelled to arbitration simply by asserting that they were not pursuing the claim, Plaintiffs filed the complaint in the instant case (*Shane II*), once again alleging a number of clearly arbitrable claims against Defendants. In turn, Defendants moved to compel those claims to arbitration, and this Court referred those motions to Magistrate Judge Klein for a report and recommendation. Under controlling case law, Judge Klein had two options at that point: Either compel the arbitrable claims to arbitration or give Plaintiffs the option to dismiss the arbitrable claims with prejudice. What Judge Klein could not do, however, is exactly what he did: Refuse to compel



arbitrable claims to arbitration by disregarding the language of the *Shane II* complaint and pretending that no arbitrable claims are alleged in that complaint.

Defendants Coventry Health Care, Inc., Humana Inc., Humana Health Plan, Inc., PacifiCare Health Systems, Inc., UnitedHealthcare, Inc., and UnitedHealth Group Incorporated f/k/a UnitedHealth Care Corporation (collectively, "Defendants") respectfully object to Magistrate Judge Klein's Order Recommending that Defendants' Motions to Compel Arbitration be Denied (the "Arbitration R&R"), and move this Court for an order compelling to arbitration those arbitrable claims pled in the *Shane II* complaint and staying these proceedings pending arbitration.[1]

## I.     Background and Procedural History.

On June 30, 2004, the Eleventh Circuit held (in an appeal arising out of *Shane I*) that, if Plaintiffs alleged arbitrable claims in their complaint, this Court was required to compel those claims to arbitration (upon motion by Defendants) and allow them to be arbitrated unless Plaintiffs dismissed the claims with prejudice. *See Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106-07 & 1110 (11th Cir. 2004). That same day, Plaintiffs filed the instant lawsuit, which they later amended on September 1, 2004. Plaintiffs were very clear in their amended complaint that it was intended to mirror the operative *Shane I* complaint with limited exceptions unrelated to the arbitrability of the claims that the named Plaintiffs were alleging against Defendants:

---

[1] The Court's September 8, 2004 Order provides that "Defendants may refile, if they wish, new motions attacking the [*Shane II*] complaint by simply adopting prior arguments" from *Shane I*. (D.E. 3517). In accordance with that Order, Defendants hereby incorporate by reference, renew and adopt the arguments and evidence set forth in the *Shane I* arbitration motions, memoranda of law, pleadings and documents set forth in Appendix A as if fully set forth herein. Because of the Court's familiarity with those arguments, Defendants will not repeat the arguments in this brief, but instead focus on the most fundamental errors in the Arbitration R&R.

> With the exception of allegations relating to plaintiffs who are no longer parties, claims that have been dropped, and defendants that have settled, the allegations set forth [in the amended complaint] are identical to those in the Provider Plaintiffs' [*Shane I*] Second Amended Consolidated Class Action Complaint, which is currently pending before Judge Frederico [*sic*] Moreno in *In re: Managed Care Litig.*, Master File No. 1334-MD-MORENO. Allegations pertaining to claims that have been dismissed in that case are included to preclude any implication of waiver rather than to reassert them.

Am. Compl., at pg. 1 (Preliminary Statement).

Not surprisingly given the foregoing passage, the current complaint before the Court is replete with claims that the Court has previously ruled can only be resolved in arbitration as to those named Plaintiffs bound by arbitration clauses between Defendants (or Defendants' subsidiaries) and either the named Plaintiffs themselves, their medical groups or, in the case of Plaintiffs who accepted assignments, their patients. Indeed, the only claims alleged in the amended complaint that this Court has previously ruled are ***not*** arbitrable are Counts I [RICO conspiracy], II [RICO aiding-and-abetting] and IV [RICO injunctive relief], and even then, only to the extent those claims against a given Defendant arise out of a Plaintiff's contractual relationships with *other* Defendants. *See In re Managed Care Litig.*, 2003 WL 22410373, No. 00-MD-1334 *4-7 (S.D. Fla. Sept. 15, 2003); *In re Managed Care Litig.*, 143 F. Supp.2d 1371 (S.D. Fla. 2001); *In re Managed Care Litig.*, 132 F. Supp. 2d 989, 1000-01 (S.D. Fla. 2000).[2]

Because Plaintiffs re-asserted in this case claims that the Court held were arbitrable in *Shane I*, and to preserve their record on the arbitrability of the other claims in this case given the changed circumstances between *Shane I* and *Shane II*, Defendants

---

[2] Technically, the Court also ruled in 2000 that a direct RICO claim was inarbitrable in certain circumstances, but that ruling was reversed in *PacifiCare Health Systems, Inc. v. Book*, 538 U.S. 401 (2003). Since then, the Court has consistently ruled that direct RICO claims are arbitrable.

filed motions to compel arbitration as to all of the claims alleged in the amended *Shane II* complaint. This Court referred those motions to Magistrate Judge Klein for a report and recommendation, which Judge Klein issued earlier this month. In the Arbitration R&R, Judge Klein recognized that the *Shane I* arbitration rulings should be applied in *Shane II*, but then proceeded categorically to deny all of Defendants' motions to compel arbitration. In so doing, Judge Klein wholly ignoring the array of claims alleged in *Shane II* that, under this Court's prior rulings, are clearly arbitrable.

## II. The Court Should Compel Those Claims Previously Held Arbitrable in *Shane I* to Arbitration in *Shane II*.

The amended complaint alleges claims by the named Plaintiffs against one or more of the Defendants for direct RICO violations, breach of contract, unjust enrichment, and violations of California Business & Professions Code §17200, *et al.* *See* Am. Compl. ¶¶ 168-72, 177-88 & 199-208. None of these claims has been dismissed with prejudice in its entirety either by this Court or by Plaintiffs in this case or in *Shane I*.[3] Accordingly, Judge Klein was obligated to compel all of those claims to arbitration consistent with this Court's arbitration rulings in *Shane I* (2003 WL 22410373, 143 F. Supp.2d 1371 and 132 F. Supp. 2d 989). *See Klay*, 376 F.3d at 1106-07 & 1110.[4] By declining to do so and instead denying Defendants' motions to compel arbitration in their entirety, Judge Klein clearly erred and his report and recommendation cannot be adopted

---

[3] Plaintiffs are no longer pursuing classwide relief on – and have repeatedly represented that they will dismiss – these claims, but to date they have not amended their complaints to remove the claims.

[4] The amended complaint also alleges claims by the named Plaintiffs against Defendants for violating State prompt pay statutes, *see* Am. Compl. ¶¶ 189-98, but those claims were dismissed in *Shane I* and hence are apparently not being re-asserted here, *see* Am. Compl., at pg. 1 (Preliminary Statement) ("Allegations pertaining to claims that have been dismissed in [*Shane I*] are included to preclude any implication of waiver rather than to reassert them"). To the extent the prompt pay claims are being re-asserted here, they should again be dismissed (or else they would have to be compelled to arbitration).

by this Court. Instead, the Court should enter an order compelling the named Plaintiffs to arbitrate their direct RICO, contract, unjust enrichment and §17200 claims alleged in the amended complaint.

### III. The Court Should Compel Plaintiffs Conspiracy and Aiding and Abetting Claims to Arbitration.

Under this Court's decisions in *Shane I*, Plaintiffs are not required to arbitrate their RICO conspiracy and aiding-and-abetting claims (including injunctive relief on those claims) to the extent the claims against a given Defendant arise out of a Plaintiff's contractual relationships with *other* Defendants. Defendants recognize these decisions, but respectfully request that the Court reconsider the decisions and hold that Plaintiffs' RICO conspiracy and aiding-and-abetting claims are arbitrable for two reasons. First, those claims should be arbitrated because the facts upon which they are based "touch matters" covered by the arbitration clauses between Defendants (or their subsidiaries) and Plaintiffs (or their medical groups). *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 624 n.13 & 626 (1985). Second, the claims should be arbitrated because each Defendant should be entitled to invoke the arbitration clauses of other Defendants (or their subsidiaries) under the arbitration doctrine of equitable estoppel. Plaintiffs are seeking to hold each Defendant responsible – as conspirators and aiders-and-abettors – for, among other things, the payment provisions of other Defendants' contracts (Am. Compl. ¶106), but these very contracts also contain enforceable arbitration clauses. *See In re Managed Care*, 285 F. 3d 971, 976 (11th Cir. 2002) (holding that Defendants could not invoke the arbitration doctrine of equitable estoppel because Plaintiffs were not "suggest[ing] that [Defendants'] contracts containing

arbitration clauses are themselves the product of the [Defendants' allegedly] conspiratorial behavior").

**IV.    Any Claims Not Compelled to Arbitration Should be Stayed Pending the Completion of Arbitrations Ordered by the Court**

Defendants respectfully request that the Court stay all judicial proceedings in this matter until all arbitration proceedings are complete. Defendants recognize that the Court has refused to stay *Shane I* pending the completion of Court-ordered arbitrations, but again respectfully asks the Court to reconsider that refusal and stay this case pending arbitration. Arbitrations between the various Plaintiffs and Defendants would resolve a number of issues relevant to both the arbitrations and this case, and this resolution would occur in the arbitral forum where such issues should be first heard. *See* 9 U.S.C. §3. Alternatively, Defendants respectfully request that the Court stay this case pending Defendants' appeal from any decision by this Court declining to compel Plaintiffs' claims to arbitration or to stay judicial proceedings pending arbitration. *See Blinco v. Green Tree Servicing, LLC*, 366 F.3d 1249 (11th Cir. 2004).

## CONCLUSION

WHEREFORE, Defendants Coventry Health Care, Inc., Humana Inc., Humana Health Plan, Inc., PacifiCare Health Systems, Inc., UnitedHealthcare, Inc., and UnitedHealth Group Incorporated f/k/a UnitedHealth Care Corporation respectfully request that this Court not adopt the Arbitration R&R. Instead, Defendants request that

the Court compel to arbitration and dismiss all claims from *Shane II* previously compelled to arbitration in *Shane I*, compel to arbitration all remaining claims in *Shane II*, and stay judicial proceedings pending resolution of the arbitrations.

Dated:   October 18, 2005

Respectfully submitted on behalf of the undersigned Defendants,

*/s/ Christopher Todd Pace for*
Edward Soto (FBN 0265144)
edward.soto@weil.com
P. Christine Deruelle (FBN 0540811)
christine.deruelle@weil.com
**WEIL, GOTSHAL & MANGES LLP**
1395 Brickell Avenue, Suite 1200
Miami, Florida  33131
(305) 577-3100
Defendants' Liaison Counsel

James W. Quinn
Jeffrey S. Klein
Nicholas J. Pappas
**WEIL, GOTSHAL & MANGES LLP**
767 Fifth Avenue
New York, New York 10153
(212) 310-8000

**Attorneys for Defendants UnitedHealthcare, Inc., UnitedHealth Group Incorporated, f/k/a United HealthCare Corporation**

| | |
|---|---|
| William E. Grauer, Esq. | Michael Nachwalter, Esq. (FBN 99989) |
| Guillermo Cabrera, Esq. | Brian F. Spector, Esq. (FBN 261254) |
| **COOLEY GODWARD LLP** | Robert D. W. Landon, III, Esq. (FBN 961272) |
| 4401 Eastgate Mall | **KENNY NACHWALTER, P.A.** |
| San Diego, California 92121 | 201 South Biscayne Boulevard, Suite 1100 |
| Telephone:   (858) 550-6000 | Miami, Florida 33131 |
| Facsimile:   (858) 550-6420 | Telephone:   (305) 373-1000 |
| | Facsimile:   (305) 372-1861 |

**Attorneys for Defendant PacifiCare Health Systems, Inc.**

Stephanie G. Kolman, Esq. (FBN 0958130)
SGK@adorno.com
**ADORNO & YOSS, P.A.**
2525 Ponce de Leon Blvd., Suite 400
Miami, Florida 33134
Telephone: (305) 858-5555

Linda J. Smith, Esq.
lsmith@omm.com
**O'MELVENY & MYERS LLP**
1999 Avenue of the Stars, 7th Floor
Los Angeles, CA 90067-6035
Telephone: (310) 246-6801

K. Lee Blalack, II, Esq.
lblalack@omm.com
Brian Boyle, Esq.
bboyle@omm.com
**O'MELVENY & MYERS LLP**
1625 Eye Street, NW
Washington, D.C. 20006-4001
Telephone: (202) 383-5115
Facsimile:   (202) 383-5414

**Attorneys for Defendants Humana Inc. and Humana Health Plan, Inc.**

Stanley H. Wakshlag, Esq. (FBN 266264)
Swakshlag@Akerman.com
**AKERMAN SENTERFITT, P.A.**
SunTrust International Center, 28th Floor
One Southeast Third Avenue
Miami, Florida 33131 - 1704
Telephone: (305) 374-5600
Facsimile: (305) 374-5095

Thomas C. Zielinski, Esq.
Tzielinski@cvty.com
Coventry Health Care, Inc.
2751 Centerville Road, Suite 400
Wilmington, Delaware 19808

V. Robert Denham, Jr., Esq.
bdenham@pogolaw.com
Kathlynn L. Butler, Esq.
kbutler@pogolaw.com
Summer H. Martin, Esq.
shmartin@pogolaw.com
**POWELL, GOLDSTEIN LLP**
One Atlantic Center, Fourteenth Floor
1201 West Peachtree Street, N.W.
Atlanta, GA 30309-3488
Telephone: (404) 572-6600
Facsimile: (404) 572-6999

**Attorneys for Coventry Health Care, Inc.**

## Appendix A

*Shane I* arbitration motions, memoranda of law, pleadings and documents incorporated by reference, renewed and adopted:

Coventry Health Care, Inc.'s Motion to Compel Arbitration filed June 8, 2001 (D.E. 1249); Brief Supporting Coventry Health Care, Inc.'s Motion to Compel Arbitration filed June 8, 2001 (D.E. 1250); Defendant Coventry Health Care, Inc.'s Second Motion to Compel Arbitration filed October 17, 2002 (D.E. 1649); Brief Supporting Coventry Health Care, Inc.'s Second Motion to Compel Arbitration filed October 17, 2002 (D.E. 1650); Reply of Defendant Coventry Health Care, Inc. in Support of its Second Motion to Compel Arbitration and Notice of Renewal of Motion to Compel Arbitration and Motion to Dismiss filed December 12, 2002 (D.E. 1780); Defendant Coventry Health Care, Inc.'s Notice of Pending Motions to Compel Arbitration filed July 23, 2003 (D.E. 2150); Supplemental Arbitration Brief of Coventry Health Care, Inc. in Response to September 15, 2003 Order Granting in Part and Denying in Part Motions to Compel Arbitration filed September 29, 2003 (D.E. 2413); Corrected Supplemental Arbitration Brief of Coventry Health Care, Inc. in response to September 15, 2003 Order Granting in Part and Denying in Part Motions to Compel Arbitration filed September 30, 2003 (D.E. 2424); Defendant Coventry's Reply to Provider Plaintiffs Arbitration Supplement Pursuant to 9/15/03 Order Granting in Part and Denying In Part Motions to Compel Arbitration filed October 24, 2003 (D.E. 2450); Humana Inc. and Humana Health Plan, Inc.'s Motion to Compel Arbitration and Memorandum of Law in support filed April 30, 2001 (D.E. 1171); Humana Inc. and Humana Health Plan, Inc.'s Renewed Motion to Compel Arbitration and Memorandum of Law in Support filed October 18, 2002 (D.E. 1668); Declaration of Benton Davis in Support of Humana and Humana Health Plan, Inc.'s Renewed Motion to Compel Arbitration filed October 23, 2002 (D.E. 1675, 1676); Humana Inc and Humana Health Plan, Inc.'s Reply Memorandum in Support of Their Renewed Motion to Compel Arbitration filed December 13, 2003 (D.E. 1788); Humana, Inc. and Humana Health Plan, Inc.'s Corrected Renewed Motion to Compel Arbitration filed August 13, 2003 (D.E. 2247); Defendants Humana, Inc. and Humana Health Plains, Inc.'s Reply to Plaintiffs' Supplemental Response to Humana's Motion to Compel Arbitration and Memorandum of Law in Support Thereof, Humana's Renewed Motion to Compel Arbitration and Humana's Corrected Renewed Motion to Compel Arbitration filed August 29, 2003 (D.E. 2292); Notice of Filing Original Supplemental Declaration of Benton Davis in Support of Defendants Humana, Inc. and Humana Health Plan, Inc.'s Reply to Plaintiffs' Supplemental Response to Humana's Motion to Compel Arbitration and Memorandum in Support Thereof, Humana's Renewed Motion to Compel Arbitration and Humana's Corrected Renewed Motion to Compel Arbitration filed September 2, 2003 (D.E. 2293); Defendants Humana, Inc. and Humana Health Plans, Inc.'s Reply to Provider Plaintiffs' Arbitration Supplement Pursuant to 9/15/03 Order Granting in Part and Denying in Part Motions to Compel Arbitration filed October 24, 2003 (D.E. 2538); Defendants' Motion to Stay All Proceedings Pending Appeal of the September 15, 2003 Order Granting in Part and Denying in Part Motions to Compel

Arbitration (D.E. 2360) and Supporting Memorandum of Law filed May 3, 2004 (D.E. 3258); Defendants' Reply in Further Support of Their Motion to Stay All Proceedings Pending Arbitration Appeals filed May 24, 2004 (D.E. 3331); United's Motion to Dismiss Provider Track Amended Complaint and Memorandum in Support of United's Motion to Dismiss Provider Track Amended Complaint filed September 25, 2000 (D.E. 319, 320, 421); Supplemental Memorandum of Law In Support of Defendants' Motion to Compel Arbitration and For a Stay of Proceedings filed March 9, 2001 (D.E. 989, 1026, 1027); Defendant United's Motion and Supporting Memorandum of Law to Compel Plaintiffs to Arbitrate their Claims and to Stay Proceedings Pending Arbitration filed May 2, 2001 (D.E. 1182, 1253, 1254); United HealthCare and United HealthGroup Incorporated's Notice of Filing of Supplemental Documents filed May 15, 2001 (D.E. 1211); United HealthCare and United HealthGroup Incorporated's Notice of Filing of Supplemental Document filed May 21, 2001 (D.E. 1220); Arbitration Status Report of UnitedHealthCare, Inc. and UnitedHealth Group Incorporated filed May 30, 2001 (D.E. 1229); United's Memorandum in Response to the Court's Order to Show Cause Filed on May 4, 2001, Related to Dr. Kelly filed June 11, 2001 (D.E. 1258); United HealthCare Inc. and United HealthGroup Incorporated's Notice of Filing of Supplemental Document filed June 12, 2001 (D.E. 1260); United Healthcare, Inc., United Health Group Incorporated f/k/a United HealthCare Corporation, et al.'s Joinder in Motion to Compel Arbitration of Co-Defendants and Motion for Leave to File Additional Motions to Compel Arbitration Based on Discovery filed August 16, 2002 (D.E. 1571); Defendant UnitedHealthCare, Inc.'s and UnitedHealth Group Incorporated's Supplemental Motion to Dismiss and Notice of Renewal of its Motions to Compel Arbitration and to Stay Proceedings Pending Arbitration filed October 18, 2002 (D.E. 1657, 1783); United Healthcare, Inc.'s Joinder in Defendant PacifiCare's Contingent Motion to Compel Arbitration filed December 18, 2002 (D.E. 1808); United and PacifiCare Health Systems, Inc.'s Renewal of Their Motions to Compel Arbitration and to Stay Proceedings filed April 17, 2003 (D.E. 1943, 2002); Defendant United's Notice of Pending Motions to Compel Arbitration and for Stay filed June 6, 2003 (D.E. 2034); Notice of Filing Defendants' Arbitration Chart (D.E. 2279); Defendant United's Supplemental Brief Applying the Court's September 15, 2003 Order Granting in Part and Denying in Part Motions to Compel Arbitration filed September 29, 2003 (D.E. 2416, 2541); Defendant PacifiCare Health Systems, Inc., and PacifiCare Operations, Inc.'s Motion to Compel Arbitration and to Dismiss all Claims and Memorandum of Law in Support of Motion filed September 8, 2000 (D.E. 257); Defendants PacifiCare Health Systems Inc., and PacifiCare Operations, Inc.'s Notice of Renewal of Motions filed December 1, 2000 (D.E. 693); Defendants PacifiCare Health Systems, Inc., and PacifiCare Operations, Inc.'s Contingent Supplemental Motion to Compel Arbitration and Memorandum of Law in Support of Motion filed January 26, 2001 (D.E. 888); Defendant PacifiCare Health Systems, Inc., Motion to Compel Arbitration as to Newly Added Plaintiffs and Memorandum of Law in Support of Motion filed April 26, 2001 (D.E. 1130); Defendant PacifiCare Health Systems, Inc., Motion to Compel Arbitration of Plaintiffs Conspiracy and Aiding-And-Abetting Claims Based on Their Arbitration Commitments with Other Defendants and Memorandum of Law in Support of Motion filed May 4, 2001 (D.E. 1193); Defendant PacifiCare Health Systems, Inc.'s Motion to Compel Arbitration as to

Plaintiffs Ghalambor and Hansen, and Memorandum of Law in Support of Motion filed June 26, 2001 (D.E. 1296); Defendant PacifiCare Health Systems Inc.'s Supplemental Motion to Compel Arbitration as to Plaintiffs Boxstein, Breen, Ghalambor, Klay, A. Taleisnik, J. Taleisnik and Wilson and Memorandum of Law in Support of Motion filed August 16, 2002 (D.E. 1564); PacifiCare Health Systems, Inc.'s Joinder in Motion to Compel Arbitration of Co-Defendants and Motion for Leave to File Additional Motions to Compel Arbitration Based on Discovery filed August 16, 2002 (D.E. 1565); Defendant PacifiCare Health Systems, Inc.'s Contingent Motion to Compel Arbitration and Memorandum of Law in Support of Motion filed November 15, 2002 (D.E. 1717); Defendants' Supplemental Memorandum in Support of Motion to Dismiss or, in the Alternative, Supplemental Motion to Dismiss and Incorporated Memorandum of Law filed April 21, 2003 (D.E. 1948); Defendant PacifiCare Health Systems Inc.'s Supplemental Motion to Compel Arbitration as to Plaintiff Hansen in Light of Her April 30, 2004 "Response to Capitation Interrogatories" filed June 3, 2004 (D.E. 3363); Notice of Joinder of Defendants Aetna Inc., Aetna U.S. Healthcare Inc., Anthem Inc., Cigna Corp., Coventry Health Care, Inc., Health Net, Inc., Humana, Inc., Humana Health Plain, Inc., Prudential Ins. Co. of America, and WellPoint Health Networks Inc. to UnitedHealth Group Incorporated, United Healthcare, Inc., and PacifiCare Health Systems Inc.'s Renewal of Their Motions to Compel Arbitration and to Stay Proceedings filed April 25, 2003 (D.E. 1956).

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that copies of the foregoing Defendants' Motion to Decertify Existing Class were served via U.S. Mail to the parties listed on the attached service list and via Email Service to the parties identified on the February 8, 2005 service list on this 18th day of October, 2005.

                          **WEIL, GOTSHAL & MANGES LLP**
                          Attorneys for United Defendants and
                          Defendants' Liaison Counsel
                          1395 Brickell Avenue, Suite 1200
                          Miami, Florida   33131
                          Tel: (305) 577-3100
                          Fax:(305) 374-7159

                          By: _____
                          Edward Soto (FBN 0265144)
                          edward.soto@weil.com

## SERVICE LIST

Harley S. Tropin, Esq.
Kozyak Tropin & Throckmorton, PA
2525 Ponce de Leon, 9th Floor
Coral Gables, Florida 33134

Archie C. Lamb, Jr., Esq.
Law Offices of Archie Lamb, LLC
2017 Second Avenue North, 2nd Floor
Birmingham, AL  35203

Aaron S. Podhurst, Esq.
Barry L. Meadow, Esq.
Podhurst, Orsek, Josefsberg, et. al.
25 W. Flagler Street, Suite 800
City National Bank Bldg.
Miami, FL 33130-1780

William Grauer, Esq.
Cooley Godward
4401 Eastgate Mall
San Diego, CA   92121

V. Robert Denham, Jr., Esq.
Powell Goldstein LLP
1201 W. Peachtree Street, NW, 14th Floor
Atlanta, GA   30309

Lee Blalack, Esq.
O'Melveny & Myers, LLP
1625 Eye Street, NW
Washington, D.C.   20006-4001
Tel: (202) 383-5115
Fax:   (202) 383-5414